McEjNNey, J.,
delivered the opinion of the court.
This was a judgment rendered in the common law and chancery court of the city of Memphis, on motion, for $831 against William D. Gilmore, late sheriff of Shelby county, and the surviving securities in his official bond, together with the personal representatives of two of the sureties who were dead before the institution of this proceeding, for the failure of said sheriff to make due and proper return of an execution. To reverse this judgment, the surviving sureties, and the representatives of the deceased co-sureties, have jointly prosecuted a writ of error to this court.
The first question is, does this summary remedy apply to the executor or administrator of a deceased surety ? We think not. By the terms of the act of 1835, ch. 19, § 6, the remedy by motion is given against the “officer and Ms securities.” This is a mode of proceeding unknown to the common law, and is to bo strictly construed. No latitude of construction is admissible, so as to .extend the remedy beyond the express provision of the statute, to cases apparently falling within the reason of the law. The remedy is not given by the statute against the personal representative of the deceased sheriff, or surety; and upon no sound principle can it be so applied. Obvious considerations growing out of the relations, rights and duties of the personal representative, forbid such a construction. But it is needless to reason upon this point. We have held that this remedy did not extend to the executor or administrator of the deceaséd sheriff himself. 9 Humph., 605, and- for the same reasons, we now hold, that it does not apply to *510 the executor or administrator of a deceased surety. The judgment upon this ground is erroneous in law. 10 Humph., 252; and being so, the next question is, what ought to be the judgment of this -court in the case? Should the judgment be reversed, and the case be remanded to the court below for the proper judgment, as insisted on behalf of the plaintiff in error? The act of 1809, ch. 49, § 27, provides, “ that when any judgment, decision or decree of the circuit court shall be reversed, or affirmed in the court of errors and appeals, it shall be the duty of the said court to pass such judgment, decision, or decree, as the circuit court should have passed — except where the damages to be assessed, or matter to be decreed, are uncertain; in which case, the said court shall remand the cause for final hearing.”
It is assumed for the plaintiff in error, that the effect of the judgment of reversal here, is to annul and make void, to every purpose, the proceeding and judgment of the circuit court in the case; and, consequently, that we cannot adopt the finding of the court upon the facts, as set forth in the record, as the foundation upon which to render a judgment here; and that as there is no bill of exceptions setting forth the evidence upon which the finding of the circuit court was based, we have nothing before us upon which to ground a judgment.
This reasoning we do not assent to. The ground of the reversal is simply an error in law, in rendering judgment against the representatives of the deceased sureties. There is no objection to the proceedings in the court below, so far as respects the matters of *511 fact constituting the grounds of the judgment as against the sheriff and surviving sureties. The facts requisite, as the basis of a proper judgment against them, are properly and hilly found by the court, and set forth in the record before us. What effect, then, has the reversal of the judgment, upon the matter of law as to the representatives of the deceased sureties, upon the finding of the facts? None whatever, we think; If this were a case where, by law, a jury must pass up-oít the facts, the case would be entirely different. Rut in this case by the statute, the judge determines the matters of fact as well as the law; and his finding of the facts, which is as conclusive as the finding of a jury, is not in the least degree impugned, in any respect, by the judgment of reversal in the case, upon the ground of a mere error in law. The case, then, is in no respect different, in principle, from that of an erroneous judgment, in law, upon a proper verdict found by a jury on the facts of the case; and therefore, by the express requirements of the act of 1809, this court, upon reversing, must render the proper judgment which ought to have been rendered in the court below.
The judgment will be reversed, and judgment rendered here against the surviving sureties — the sheriff not being a party to the Writ of error.